Stewart *v.* Wilcox.

## STEWART *v.* WILCOX *et als.*

SUPREME COURT. *Appellate jurisdiction.* It is not within the appellate jurisdiction of the Supreme Court to make rules upon parties to justify, or give new security on process sued out in the court below, and the Code, sec. 3191, only applies to the inferior courts in such cases.

### FROM KNOX—MOTION.

HENDERSON & JOUROLMAN for complainant.

A. S. PROSSER for defendants.

COOPER, J., delivered the opinion of the court.

One of the defendants in this cause has made oath that the surety on the original prosecution bond, and on the bonds for attachment and injunction sued out by the complainant in the court below, the same person being the surety on each of these bonds, is wholly

insolvent.    Upon this affidavit a motion is made for a rule on the complainant to justify his present security, or to give other security, under the penalty on failure of having his suit dismissed.    No authority has been furnished as authorizing such an application in the case of attachment and injunction bonds.    Previous to the act of 1829, ch. 33, Code, sec. 3191, the courts had no power, after security for the prosecution of a suit had once been given, to require the plaintiff to justify or give other security under the penalty of having his suit dismissed if he failed to comply.    *Jones* v. *Kearns*, M. & Y., 242; *Owen* v. *Grundy*, 8 Yer., 436.    And, although the Code, sec. 3191, now authorizes such a rule "at any stage of the cause," that language manifestly means at any time before judgment in the court below.    The appellate jurisdiction of this court is to correct the errors of the inferior courts, and not to exercise the original jurisdiction which might have been, but was not, evoked in these courts.    The motion is disallowed